

Katherine S. Ritchey (State Bar No. 178409)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
Email: ksritchey@jonesday.com

Hollis R. Peterson (State Bar No. 254535)
JONES DAY
12265 El Camino Real
Suite 200
San Diego, CA 92130
Telephone: (858) 314-1200
Facsimile: (858) 314-1150
Email: hpeterson@jonesday.com

Attorneys for Defendant
STANDARD INSURANCE COMPANY

FILED

08 MAY -1 PM 4: 13

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DAVID FELT,

                    Plaintiff,

          v.

STANDARD INSURANCE
COMPANY and DOES 1 through 50,

                    Defendants.

Case No. 08 CV 0801 DMS CAB

NOTICE OF REMOVAL OF
CIVIL ACTION UNDER 28
U.S.C. § 1441

[DIVERSITY JURISDICTION]

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441, Defendant

Standard Insurance Company ("Standard"), hereby removes the above-entitled

action from the Superior Court of the State of California for the County of San

Diego to the United States District Court for the Southern District of California.

This removal is based upon the original jurisdiction of the United States

District Court over the parties consistent with 28 U.S.C. § 1332 based on the

LAI-2945412v1

NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. § 1441

existence of diversity of citizenship of the parties.

In support of its notice of removal, Standard states to the Court as follows:

1.     Plaintiff commenced this action against Standard and Does 1 through 50 by filing a complaint in the Superior Court of the State of California for the County of San Diego (the "Superior Court"), entitled *David Felt v. Standard Insurance Company and DOES 1 through 50*, Case No. 37-2008-00052861-CU-IC-NC, on April 2, 2008.

2.     On or about April 11, 2008, Standard was served with the summons and Complaint. A true and correct copy of the Complaint and Summons is attached hereto as Exhibit A.

3.     On April 30, 2008, Standard filed its General Denial and Defenses to Plaintiff's Complaint in the Superior Court of the State of California for the County of San Diego. A true and correct copy of the General Denial and Defenses is attached hereto as Exhibit B.

4.     This Notice of Removal of Civil Action from State Court ("Notice") is timely filed pursuant to 28 U.S.C. § 1446(b) which provides that such notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." Standard has filed this notice within thirty (30) days after it first received the Complaint. The Complaint was the first paper from which Standard could ascertain that the action was removable.

5.     This Court has original jurisdiction of this action under 28 U.S.C. § 1332 in that it is a civil action wherein the matter in controversy, on information and belief, exceeds the sum of $75,000, exclusive of costs and interests, and is between a citizen of a state and a citizen of a foreign state. Specifically, removal is proper based on the following:

a.     Standard is informed and believes that the amount in controversy exceeds $75,000 because, in addition to seeking damages for Standard's alleged

NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. § 1441

1   failure to provide disability benefits, Plaintiff claims an unspecified amount of

2   general damages for emotional distress and other incidental and compensatory

3   damages, as well as punitive damages and attorneys' fees, which amounts must be

4   considered in calculating the amount in controversy. *See Brandt v. Superior Court*

5   *(Standard Ins.)*, (Cal. 1985) 37 Cal. 3d 813, 817 (attorneys' fees must also be

6   considered by the Court in assessing the amount in controversy of the action); *Galt*

7   *G/S v. JSS Scandinavia*, (9th Cir. 1998) 142 F. 3d 1150 (holding that attorneys fees

8   plaintiffs can recover as a matter of law must be considered by the Court in

9   calculating the amount in controversy); *Surber v. Reliance Nat'l Indem.Co.*, (N.D.

10  Cal. 2000) 110 F. Supp. 2d 1227, 1232, citing *Richmond v. Allstate Ins. Co.*, (S.D.

11  Cal. 1995) 897 F. Supp. 447, 450 (exemplary and punitive damages also to be

12  considered in determining amount in controversy).  Furthermore, Plaintiff's failure

13  to plead a specific amount of damages in her Complaint should be construed in

14  favor of Standard, supporting a finding that the minimum amount in controversy

15  has been met. *See Bosinger v. Phillips Plastic Corporation*, (S.D. Cal. 1999) 57 F.

16  Supp. 2d 986, 989.

17       b.    Standard is informed and believes that Plaintiff was, at the time this

18  action was commenced in state court, and still is a resident of California.

19       c.    Standard was, at the time of filing this action, and still is incorporated

20  in Oregon, and principal business office is in Portland, Oregon.  The day-to-day

21  control of Standard is exercised from Oregon. The individuals who control the day-

22  to-day operations of Standard's business work at Standard's corporate headquarters,

23  located in Portland, Oregon.  Standard supervises its business operations throughout

24  the country from Oregon.  The vast majority of Standard's employees are located in

25  Oregon.  The majority of Standard's real and personal property is located in

26  Oregon.  Standard is not a citizen of the State of California. *See* Declaration of

27  Rebecca J. Jeffrey in Support of Defendant Standard Insurance Company's Notice

28  of Removal.

NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. § 1441

1    d.    Defendants designated as Does 1 through 50 are fictitious defendants,

2 are not parties to this action, have not been served and are to be disregarded for the

3 purposes of this removal. 28 U.S.C. § 1441(a).

4    6.    Based on the foregoing, this action is one over which this Court has

5 original jurisdiction and which may be removed by Standard to this Court pursuant

6 to 28 U.S.C. §§ 1441(b) and 1446 because complete diversity of citizenship exists

7 between Plaintiff and Standard.

8 Dated:  May 1, 2008                          Jones Day

9

10                                          By: _____

11                                               Hollis Peterson

12                                          Attorney for Defendant
                                            STANDARD INSURANCE
13                                          COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. § 1441

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STANDARD INSURANCE COMPANY; AND

DOES 1 TO ~~20~~ 50 *AC*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID FELT

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
Clerk of the Superior Court

APR 0 2 2008

By: L. Crain, Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>325 So. MELROSE DR.<br>325 So. MELROSE DR.<br>VISTA, 92081<br>NORTH COUNTY DIVISION | CASE NUMBER:<br>*(Número del Caso):* 37-2008-00052861-CU-IC-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BROOKS L. ILER SBN: 99020
VIRGIL A. ILER SBN: 158460          858-413-1551     Fax 858-413-1553
ILER & ILER LLP
13400 POMERADO RD. POWAY, CA 92064

DATE:          APR 0 2 2008          Clerk, by _____, Deputy
*(Fecha)*                            *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):*  Standard Insurance Company
   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev January 1, 2004] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |

Legal Solutions Plus

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| BROOKS L. ILER SBN: 99020<br>VIRGIL A. ILER SBN: 158460<br>ILER & ILER LLP<br>13400 POMERADO RD.<br>POWAY, CA 92064<br>TELEPHONE NO.: 858-413-1551    FAX NO.: Fax858-413-1553<br>ATTORNEY FOR *(Name)*: DAVID FELT | 2008 MAR 20 PM 4: 16 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 So. MELROSE DR.
MAILING ADDRESS: 325 So. MELROSE DR.
CITY AND ZIP CODE: VISTA, 92081
BRANCH NAME: NORTH COUNTY DIVISION

CASE NAME: FELT v. STANDARD

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2008-00052861-CU-IC-NC |
|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000)   [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[X] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): TWO: Breach of Contract; Insurance Bad Faith
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 3-19-08
BROOKS L. ILER SBN: 99020
(TYPE OR PRINT NAME)   ▶   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                           CIVIL CASE COVER SHEET                           Page 2 of 2

Brooks L. Iler, S.B.# 99020
Virgil A. Iler, S.B.# 158460
ILER & ILER, LLP
13400 Pomerado Road
Poway, CA 92064
Tel (858) 413-1551
Fax (858) 413-1553

Attorneys for Plaintiff, DAVID FELT

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

### UNLIMITED JURISDICTION

| | |
|---|---|
| DAVID FELT,<br><br>    Plaintiff,<br><br>vs.<br><br>STANDARD INSURANCE COMPANY and DOES 1 through 50,<br><br>    Defendants. | CASE NO.   37-2008-00052861-CU-IC-NC<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff DAVID FELT alleges:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff DAVID FELT is, and at all times mentioned herein was, an individual residing in San Diego County, California.

2. Defendant STANDARD INSURANCE COMPANY (hereinafter "STANDARD") is a corporation licensed to sell insurance and doing business as an insurer in the State of California, incorporated in the State of Oregon with its principal place of business in the State of Oregon.

3. The insurance contract which is the basis of this lawsuit was entered into in the County

1
COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH

of San Diego, State of California; plaintiff suffered emotional distress damages in the County of San Diego; the contract breached herein was breached in the County of San Diego.

4. At all times herein mentioned, DOE Defendants 1 through 50 were individuals and business entities the exact nature of which is unknown to Plaintiff and Plaintiff prays leave to amend this Complaint to show their true names and capacities when the same has been finally ascertained.

5. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the defendants designated herein as DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to and negligently or otherwise caused injury and damage thereby to Plaintiff, as hereinafter alleged.

6. At all times herein mentioned, each and every one of the defendants was the agent, servant, employee, joint venturer, and/or franchisee of each of the other defendants, and each and every one of the defendants was at all times acting within the course and scope of said agency, service, employment, joint venture, and/or franchise.

### First Cause of Action

### BREACH OF CONTRACT

7. On or about September 14, 2005, plaintiff, a public service officer with the City of Carlsbad police force, was insured under a long-term disability insurance plan purchased from defendant STANDARD through his employer, the City of Carlsbad, a public entity; a copy of the insurance contract, policy number 311713, is attached to this complaint as Exhibit 1.

8. Though plaintiff purchased the insurance policy at issue in this case through his employer, the City of Carlsbad, and said policy was part of the group plan offered though his employer, the plan and policy are exempt from the statutory scheme of the Employees Retirement

COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH

Security Income Act of 1974 29 U.S. Code 1000 et. seq. (ERISA), as such plan is a

"governmental plan" as defined under 29 U.S. Code 1002 (32), exempt under 29 U. S. Code 1003.

9. At all times herein mentioned the policy was in full force and effect; plaintiff had paid his policy premiums in full, and otherwise performed all obligations under the policy.

10. On or about September 14, 2005, plaintiff became disabled within the terms of his insurance policy, thus entitling him to benefits beginning on or about September 14, 2005; plaintiff duly made notice of claim to his employer and began receiving disability benefits from defendant STANDARD.

11. On or about December 12, 2007, defendant STANDARD denied plaintiff's right to on-going benefits, thus breaching its contract with plaintiff; the denial was timely appealed and the final administrative denial was made by STANDARD on January 18, 2008.

12. As a direct result of said breach by defendant STANDARD, plaintiff has suffered a loss of past and future disability benefits in an amount to be proved at trial.

## Second Cause of Action

## INSURANCE BAD FAITH

13. The insurance policy issued by defendant STANDARD contained, by law, an implied covenant of good faith and fair dealing; Defendant breached the implied covenant of good faith and fair dealing by numerous acts and omissions including but not limited to:

    a. Failing to promptly, adequately and fairly investigate the claim before denial;

    b. Misrepresenting the terms and conditions of the policy;

    c. Causing plaintiff to incur thousands of dollars in attorney's fees in order to force defendants to honor the terms of the insurance contract;

d.  Denying an obviously valid claim without sufficient cause to do so.

14.  By reason of such bad faith conduct on the part of defendant, plaintiff was forced to hire legal counsel, and thus incurred special damages in an amount to be shown according to proof.

15.  As a further proximate result of the bad faith conduct of defendant, plaintiff has suffered emotional distress, entitling him to an award of general damages in an amount to be determined at trial and according to proof.

16.  Defendants' aforementioned conduct was despicable, and subjected plaintiff to cruel and unjust hardship, in conscious disregard of his rights under the policy and the law; defendant misrepresented material facts with the intent to deprive plaintiff of his rights and property; said conduct was part and parcel of a widespread and ongoing pattern and practice at STANDARD; said conduct justifies an award of punitive damages, in an amount calculated to punish defendant, and by way of example, said amount to be determined at trial and according to proof.

WHEREFORE, Plaintiffs prays Judgment against Defendant as follows:

1.  For special damages, in an amount according to proof, plus interest at the legal rate.

2.  For attorneys fees expended in obtaining policy benefits.

3.  Damages for emotional distress, in an amount according to proof.

4.  For punitive damages.

5.  For costs of suit herein.

6.  For such other relief as the court deems proper.


////

////

4

COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ILER & ILER, LLP

Dated: _3-18-08_

By: Brooks L. Iler,
Attorney for Plaintiff
DAVID FELT

### JURY DEMAND

Plaintiff demands jury trial in this matter.

ILER & ILER, LLP

Dated: _3-18-08_

By: Brooks L. Iler,
Attorney for Plaintiff
DAVID FELT

5

COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH

**Exhibit B**

1  Katherine S. Ritchey (State Bar No. 178409)
   JONES DAY
2  555 California Street, 26th Floor
   San Francisco, CA 94104
3  Telephone:    (415) 626-3939
   Facsimile:    (415) 875-5700
4  Email:        ksritchey@jonesday.com

5  Hollis R. Peterson (State Bar No. 254535)
   JONES DAY
6  12265 El Camino Real
   Suite 200
7  San Diego, CA 92130
   Telephone:    (858) 314-1200
8  Facsimile:    (858) 314-1150
   Email:        hpeterson@jonesday.com
9
   Attorneys for Defendant
10 STANDARD INSURANCE COMPANY

FILED
NORTH COUNTY DIV.....

2008 APR 29 PM 4: 07

CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12              **COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION**

13

14  DAVID FELT,                          | **CASE NO. 37-2008-00052861-CU-IC-NC**

15          Plaintiff,                   | **Assigned to Hon. Jacqueline M. Stern, Dept. N-27**

16      v.

17  STANDARD INSURANCE COMPANY and       | **GENERAL DENIAL AND DEFENSES**
18  DOES 1 through 50,                   | **OF STANDARD INSURANCE COMPANY TO PLAINTIFF'S**
                                         | **COMPLAINT**
19          Defendants.

20

21                                       | Complaint Filed: April 2, 2008

22          Pursuant to section 431.30(d) of the California Code of Civil Procedure, defendant

23  Standard Insurance Company ("Standard") generally denies each and every allegation of

24  PLAINTIFF'S Complaint filed April 2, 2008.

25          Having answered PLAINTIFF'S Complaint, Standard alleges its affirmative defenses.

26  Each defense is asserted as to all causes of action against Standard.  By setting forth these

27  affirmative defenses, Standard does not assume the burden of proving any fact, issue, or element

28  of a cause of action where such burden properly belongs to PLAINTIFF.  Moreover, nothing

LAI-2945394v1                            1

1    stated herein is intended or shall be construed as an acknowledgement that any particular issue or

2    subject matter is relevant to PLAINTIFF'S allegations.

3    ### First Affirmative Defense to Entire Complaint

4    ### (Failure to State a Cause of Action)

5         1.     The Complaint, and each cause of action, fails to set forth facts sufficient to state a

6    cause of action upon which relief may be granted against Standard and further fails to state facts

7    sufficient to entitle PLAINTIFF to the relief sought, or to any other relief whatsoever from

8    Standard.

9    ### Second Affirmative Defense to Entire Complaint

10    ### (Discharge of Obligations / Unjust Enrichment)

11         2.     Standard has performed all obligations required by Standard disability policy, No.

12    311713 ("Policy"), and any other policy applicable to PLAINTIFF.  PLAINTIFF is not entitled to

13    any additional payment pursuant to the Policy, or any other policy applicable to PLAINTIFF, and

14    the payment of any additional amount, as demanded by PLAINTIFF, would amount to a windfall

15    and unjust enrichment.

16    ### Third Affirmative Defense to Entire Complaint

17    ### (Waiver)

18         3.     Standard is informed and believes that, at all times relevant to the matters alleged

19    in the Complaint, PLAINTIFF was fully informed of the alleged rights he now asserts.

20    PLAINTIFF has acted in a manner inconsistent with the assertion of those rights and,

21    accordingly, has waived the claims she now asserts.

22    ### Fourth Affirmative Defense to Entire Complaint

23    ### (Exclusions and Limitations of Coverage)

24         4.     PLAINTIFF'S recovery, if any, is limited by the terms and conditions of the

25    Policy, including exclusions and limitations of coverage.

26

27

28

## Fifth Affirmative Defense to Entire Complaint

### (Estoppel)

5.    PLAINTIFF is not entitled to benefits under the terms and conditions of the Policy, and Standard is informed and believes that PLAINTIFF was informed of any rights and claims that he may have against it. PLAINTIFF conducted himself in such a way as to lead Standard to believe that he relinquished any rights he had against Standard, and Standard has relied upon this conduct to its detriment. PLAINTIFF, therefore, is estopped from seeking damages or other relief based upon the allegations of the Complaint.

## Sixth Affirmative Defense to Entire Complaint

### (Mitigation of Damages)

6.    Standard is informed and believes that PLAINTIFF has failed to mitigate his damages, if any.

## Seventh Affirmative Defense to Entire Complaint

### (Punitive Damages; Constitutionality of Punitive Damages)

7.    PLAINTIFF is not entitled to the award of punitive damages insofar as that award would violate Standard's due process or other rights under the United States Constitution, the laws of the United States, or the Constitution or laws of the State of California. Standard further states that PLAINTIFF fails to state sufficient facts to support the prayer for punitive damages against Standard.

## Eighth Affirmative Defense to Entire Complaint

### (Contributory/Comparative Fault)

8.    Standard is informed and believes and thereon alleges that any alleged damages sustained by PLAINTIFF were, at least in part, caused by the actions of PLAINTIFF and/or third parties and resulted from PLAINTIFF'S or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Standard.

## Ninth Affirmative Defense to Entire Complaint

### (Right to Assert Additional Defenses)

9.    Standard hereby gives notice that it intends to rely on any additional affirmative

1    defenses that become available or apparent during discovery or at any other time during the

2    pendency of this case and, thus, reserves the right to amend its answer to assert such additional

3    defenses.

4          WHEREFORE, Standard prays for judgment as follows:

5          1.      That PLAINTIFF take nothing from Standard by his Complaint;

6          2.      That the Complaint be dismissed with prejudice as to Standard;

7          3.      That Standard recover its attorneys' fees and costs from PLAINTIFF as permitted

8    by law; and

9          4.      For such other and further relief as the Court may deem proper.

10

11   Dated: April 29, 2008                          Jones Day

12

13                                                   By: _____

14                                                        Hollis Peterson

15                                                   Attorneys for Defendant
                                                     STANDARD INSURANCE COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## PROOF OF SERVICE BY MAIL

David Felt v. Standard Insurance Company and Does 1 through 50.

3

Case No. 37-2008-00052861-CU-IC-NC; Honorable Jacqueline M. Stern; Dept. N-27

4

5

I am a citizen of the United States and employed in San Diego County, California. I am

6

over the age of eighteen years and not a party to the within-entitled action. My business address

7

is 12265 El Camino Real, Suite 200, San Diego, California 92130. I am readily familiar with

8

this firm's practice for collection and processing of correspondence for mailing with the United

9

States Postal Service. On April 29, 2008, I placed with this firm at the above address for deposit

10

with the United States Postal Service a true and correct copy of the within document(s):

## GENERAL DENIAL AND DEFENSES OF STANDARD INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT

11

12

in a sealed envelope, postage fully paid, addressed as follows:

13

14

15

16

Brooks L. Iler, Esq.
Virgil A. Iler, Esq.
ILER & ILER LLC
13400 Pomerado Road
Poway, CA 92064
Telephone: (858) 413-1551
Facsimile: (858) 413-1553

17

18

19

Following ordinary business practices, the envelope was sealed and placed for collection

20

and mailing on this date, and would, in the ordinary course of business, be deposited with the

21

United States Postal Service on this date.

22

I declare under penalty of perjury under the laws of the State of California that the above

23

is true and correct.

24

Executed on April 29, 2008, at San Diego, California.

25

26

27

Robin Stewart

28

I.A1-2946633v1

---

**PROOF OF SERVICE**

JS 44 (Rev. 12/07)

## CIVIL COVER SHEET


ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
DAVID FELT

**(b)** County of Residence of First Listed Plaintiff  **San Diego County**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brooks L. Iler/ILER & ILER, LLP
13400 Pomerado Road, Poway, CA 92064 (858) 413-1551

### DEFENDANTS
STANDARD INSURANCE COMPANY and DOES 1 through 50

FILED
08 MAY -1 PM 1:20

County of Residence of First Listed Defendant  **Multnomah County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**08 CV 0801 DMS CAB**

DEPUTY

Attorneys (If Known)
Katherine S. Ritchey/JONES DAY
555 California St., 26th Flr., S.F., CA 94104 (415) 626-3939

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1441
Brief description of cause:
Breach of contract and insurance bad faith

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $  unspecified
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                    DOCKET NUMBER

DATE  5-1-08
SIGNATURE OF ATTORNEY OF RECORD   for Attorney

**FOR OFFICE USE ONLY**

RECEIPT #  150/25   AMOUNT  $350—   APPLYING IFP   JUDGE   MAG. JUDGE
JB 05/01/08



# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 150425     -- MB

# May 01, 2008
# 16:15:46

## Civ Fil Non-Pris
USAO #.: 08CV0801 CIVIL FILING
Judge..: DANA M SABRAW
Amount.:                    $350.00 CK
Check#.: BC68611

## Total-> $350.00

FROM: DAVID FELT VS STANDARD
      INSURANCE COMPANY